NO. 07-05-0366-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 7, 2005

______________________________

AMBER C. ERICKSON

Appellant

v.

OTIS SIMMONS

Appellee

_________________________________

FROM THE 99th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-525,408; HON. WILLIAM C. SOWDER, PRESIDING

_______________________________

ON ABATEMENT AND REMAND

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant appeals from an order of the trial court granting appellee an equitable bill of review.  On December 1, 2005, the clerk requested an extension of time to file the record with this court, which request was granted to December 14, 2005.  The reporter’s record was due on November 14, 2005, but not filed.  On November 22, 2005, this court notified the court reporter that the record was overdue.  It also informed the reporter to file, by December 2, 2005, a status report and/or a request for extension of time to file the reporter’s record.  Neither document has been filed.  Nor has the reporter filed the record.

Accordingly, we abate this appeal and remand the cause to the 99th District Court of Lubbock County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.   why the reporter’s record has not been filed,

when the reporter’s record can reasonably be filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving the appellants of their right to appeal, and,

whether an alternate or substitute reporter should or can be appointed to complete the record in a timely manner. 

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing, if any.  Additionally, the district court shall then file the supplemental record and reporter’s record transcribing the hearing with the clerk of this court on or before January 6, 2006.  Should further time be needed by the trial court to perform these tasks, then same must be requested before January 6, 2006.

It is so ordered.

Per Curiam

Do not publish.